363 P.2d 77

George W. SMITH, Plaintiff and Appellant,

v.

D. W. LOERTSCHER, Defendant and Respondent.

No. 9290.

Supreme Court of Utah.

June 29, 1961.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for appellant.

Clyde & Mecham, Salt Lake City, for respondent.

WADE, Chief Justice.

George W. Smith brought this action to recover commission fees he alleged were due him under a real estate listing contract. He appeals from an adverse judgment of "no cause of action" based on a special

verdict by a jury. Hereafter we shall refer to George W. Smith as appellant and D. W. Loertscher as respondent.

Appellant is a real estate broker and as such he contacted respondent, who was the owner of a ranch in Summit County, Utah, and procured a written listing on February 14, 1959, whereby respondent agreed to pay appellant $5,000 if he should procure a buyer who was ready, willing and able to buy this property on the terms and price stated therein or at any other terms or price to which respondent might agree during the life of this contract.

Within a few days appellant presented respondent with a written offer from a prospect whom he had shown the ranch. This offer did not comply with the terms or price listed in the agreement between appellant and respondent, and respondent did not accept that offer. However, respondent entered into negotiations with the prospect in an effort to arrive at terms suitable to both the seller and the prospective buyer. As a result of the discussions between respondent and the prospect, respondent and appellant went to respondent's attorney, and that attorney was requested to draft a written agreement for the sale. This was done but some of the provisions in that agreement were unacceptable. After further discussions between the principals, the major differences were resolved with the exception of the date when possession should be given.

The testimony as to whether respondent and the prospective buyer had agreed upon the date when possession should be given was divergent. The prospective buyer testified that respondent had agreed that possession should be given not later than May 1, 1959, but there was an understanding between them that respondent would be allowed to remain on the ranch until about September 1, 1959, to give him time to build a new home. Respondent testified that May 1, 1959, was only discussed tentatively as a date upon which possession might be given because not only was it necessary for him to build a new home, but he also had to dispose of his dairy setup. He further testified that had there been a binding agreement to purchase his ranch in February or the first part of March, he would have had time to dispose of his cattle and dairy setup in time to give the prospective buyer possession by May 1; but by the time most of their differences were resolved, about the last of March or the first of April, he found it impossible to dispose of his dairy setup in time to give a May 1 possession date and so informed the prospective buyer. When the prospective buyer insisted that the possession date must be May 1, 1959, respondent refused to agree and declared the deal was off.

Appellant contends that the court erred in giving the following instructions to the jury:

"No. 9–D

"You are further instructed, as a matter of law, that since the evidence does not show that the plaintiff secured any offer from anyone to purchase the listed property at the price and on the terms set forth in the listing agreement, the plaintiff can only recover in this action, if the plaintiff shows, by a preponderance of the evidence, that the plaintiff secured a buyer, ready, willing and able to buy the property at some other price and on some other terms to which the defendant had agreed.

"In this regard you are asked to answer a specific question:

"Did the defendant as the seller, and J. Holman Waters as the buyer, reach a complete oral or verbal understanding as to the price and all the other terms and conditions under which the defendant would sell and Mr. Waters would buy the listed property?"

"No. 9–G

"There could be an agreement between the buyer and seller under the listing contract herein, without a determination of how the defendant's housing problem would be solved.

"If you find by a preponderance of the evidence that the defendant and Mr. Waters orally agreed to all of the terms of a sale, and both intended for it to be so drawn and signed, but they also agreed to subsequently work out a housing arrangement for the defendant by either modifying the agreement to be drawn and signed, or by subsequently entering into a landlord and tenant agreement, then you should answer Proposition 1, 'True.'

"If you find by a preponderance of the evidence that the defendant and Mr. Waters did not orally agree on when, under the proposed written contract of sale, either the possession of the ranch was to be taken, or the possession of the house was to be taken, by Mr. Waters, then you should answer Proposition No. 1, 'False.' "

Proposition 1 was submitted to the jury by the court to bring in a special verdict as to its truth or falsity or whether there was no preponderance of the evidence either way. Proposition No. 1, reads:

"The defendant, as the seller, and J. Holman Waters, the buyer, reached a complete oral or verbal understanding as to the price and all other terms and conditions under which the defendant would sell and Mr. Waters would buy the listed property."

The jury answered this proposition "False."

Although appellant admits that the evidence would reasonably support a finding either for respondent or himself he contends that the instructions and the proposi-

tion quoted above were misleading and confusing because it could have reasonably been found that respondent and the prospective buyer had deferred for further discussion and agreement such items as the rights of way for and time and place of installation of water pipelines and the length of time respondent could remain in occupancy of his home and yet have fully agreed on all the terms and conditions of the sale which were to be included in the written agreement. By failing to inquire in Proposition No. 1, as requested by appellant whether the respondent and the prospective buyer had reached a complete oral or verbal understanding as to the price and terms which should be placed in the *written* agreement for the sale of the ranch, the court unduly limited the jury since respondent's housing arrangement was not the only item which the jury could have found the parties had agreed to leave to future determination and yet did not intend such items to effect the sale, the terms of which were to be included in the written agreement.

We find no merit to this argument. Appellant concedes that he is only entitled to his commission if he has found a purchaser ready, willing and able to purchase the property under the terms of the listing agreement or at the price and terms agreed upon by respondent and the prospective buyer.[1] In its instructions to the jury not quoted here, the court told the jury that if respondent and the prospective buyer had actually agreed to the price and all the terms and conditions of the sale then appellant would be entitled to recover, and the court further instructed the jury that even though as a matter of law an agreement to sell real property must be in writing in order to be binding upon the parties thereto, it was not necessary for such agreement to be binding upon the parties to entitle appellant to recover. In view of these instructions we are of the opinion that the jury was not misled. The jury was instructed to find whether there had been a complete oral or verbal understanding as to the price and all the terms and were not limited in any way in determining that fact. Had the jury been limited to what terms should be placed in a written contract, the court probably would have committed error because appellant would only be entitled to recover if there had been a complete understanding as to price and terms and could prove that the prospective purchaser was ready, willing and able to buy the property but that respondent refused to sell after such complete understanding. Whether the principle part of this agreement to sell was to be in writing and part was to be subject to an oral understanding would be immaterial to the determination of whether there was an actual agreement to sell. The jury

1. Curtis v. Mortensen, 1 Utah 2d 354, 267 P.2d 237, and cases therein cited.

found there was no agreement between the parties as to all the terms or conditions under which respondent would sell and the prospective purchaser would buy the property. Having so found the facts, appellant could not prevail.

In view of what we have said above it becomes unnecessary to determine other assignments of error.

Affirmed. Costs to respondent.

HENRIOD, CALLISTER, McDON-OUGH and CROCKETT, JJ., concur.